William D. HARRISON, Appellant,

v.

A. B. AYERS, individually and as Chairman of the Board of Trustees of Martin Community College, Donald R. Stout, Patsy Bowers, Willie Bunch, Macon M. Holiday, R. M. Allen, Shirley P. Brown, Russell Griffin, William Manson, Ed N. Farnell and Henry Johnson, individually and as members of the Board of Trustees of Martin Community College, Dr. Isaac B. Southerland and Dr. Joseph B. Carter, individually and as former presidents of Martin Community College, Appellees.

No. 81–1707.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1982.

Decided March 5, 1982.

Willis A. Talton, Greenville, N. C., for appellant.

William R. Peel, Williamston, N. C. (Peel & Peel, Williamston, N. C., on brief), for appellees.

Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HALL, Circuit Judge.

K. K. HALL, Circuit Judge:

Harrison, an administrator at Martin Community College in Williamston, North Carolina, sued the Board of Trustees and other officials of the college alleging that they had deprived him of his liberty and property without due process when they did not renew his contract after seven years' service. The district court found that Harrison did not possess a constitutionally protected interest in continued employment sufficient to invoke due process safeguards. We agree and affirm the decision of the district court.

Harrison was hired by the college in 1969 as director of evening programs. The school had no provision for tenure, but his contract was routinely renewed at two year intervals for six years. However, his performance became unsatisfactory, and, in June of 1976, he was rehired for a probationary period of six months instead of the usual two years. His work continued to be unsatisfactory, so in December of 1976, the president recommended to the Board of

Trustees that he be let go. He was granted a hearing before the board, which resulted in an additional six months' probationary contract. That contract specifically stipulated that Harrison did not have and would "not acquire tenure express or implied." He did not request another hearing when the last contract was not renewed in June of 1977.

On these facts, we cannot find that Harrison possessed any property or liberty interest in continued employment which would give rise to expectations of due process before termination.

Property interests are not formed in a vacuum, but must "stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).[1] The school did not have a tenure policy.[2] Further, in his last contract, Harrison agreed that he did not have nor could he ever expect tenure. Thus, he can point to nothing to support his subjective allegation that he should be considered a tenured employee with an attendant property interest in continued employment.

Nor was Harrison deprived of a liberty interest. This was not a case where the circumstances surrounding the termination besmirched the plaintiff's integrity or good name. *Compare Johnson v. Fraley*, 470 F.2d 179 (4th Cir. 1972). For example, Harrison was not fired abruptly, but was given a full year to find another position. Under these circumstances, the defendants' actions could have caused but minimal injury to his reputation.

In sum, Harrison did not possess a constitutionally protected interest in continued employment at Martin Community College.[3] Accordingly, the decision of the district court is affirmed.

AFFIRMED.

---

1. We use *Roth*, a teacher tenure case, only as an example. There was no proof in this case that Harrison taught classes in addition to performing his administrative duties. Our decision does not turn on this point and we make no determination that educational administrators have the same tenure rights as are granted to teachers merely because they all work for academic institutions.

2. There was a policy of continuing contracts for teachers who were pursuing post-graduate degrees. However, Harrison never proved that he would qualify for the protection of that limited policy.

3. Although Harrison was not entitled to a final hearing, he was not "deprived" of one; he had been granted an earlier hearing, but he did not request a final one.